WILLIAMSON *v.* WARREN COUNTY.*

(In Banc.  March 28, 1927.)

[111 So. 840.  No. 26356.]

1. CONSTITUTIONAL LAW. *Supreme court will not decide on constitutionality of statute unless necessary to disposition of case.*

The court will not decide whether or not a statute is constitutional unless to do so is necessary to the disposition of the case.

2. COUNTIES. *County may not issue bonds to raise money to be paid for work on roads in contiguous county; issuance of bonds by county to pay for work on roads of contiguous county may be enjoined at suit of interested taxpayer (Laws 1914, chapter 176; Laws 1920, chapter 207; Laws 1924, chapter 224).*

Chapter 224, Laws of 1924, provides the method of paying for the work provided for under said chapter, making the same payable out of the general fund of the county. It is not permissible, therefore, for a county to issue bonds to raise money for the purpose of paying for such work on the roads of a contiguous county; and where the county undertakes to issue bonds for such purpose, an injunction against the issuance of the bonds may be sued out by an interested taxpayer of the county.

*Corpus Juris-Cyc References: Constitutional Law, 12CJ, p. 780, n. 98; Counties, 15CJ, p. 612, n. 60 New; p. 641, n. 60; p. 642, n. 67; Statutes, 36Cyc, p. 1159, n. 19.

APPEAL from chancery court of Warren county.

HON. J. L. WILLIAMS, Chancellor.

Suit by George Williamson, a citizen and property owner, against Warren county, for an injunction to prevent the issuance of bonds. From a decree for defendant, complainant appeals. Reversed, and judgment entered for complainant.

*Brunini & Hirsch,* for appellant.

I. *No right to build and gravel causeway.* Section 7130, Hemingway's Code, gives the supervisors when they find "any public road, bridge or causeway in a contiguous county, and leading therefrom into that county, is not properly worked or kept in good repair by the county in which the same is located, etc.," the right to work and keep in repair said public road, bridge or causeway and to enter into all necessary contracts for the working and repairing of such "public road, bridge, or causeway."

Now the amendment made to section 7130, by chapter 224, Acts of 1924, gives the supervisors the right only to *work* the *public road* and says absolutely nothing about the right to build a causeway or to construct a bridge or to gravel the causeway. It could hardly have been within the contemplation of the legislature that a county would be warranted in expending an amount necessary to pay for three and a quarter miles of causeway. The building of a causeway is quite a different thing from the working of a public road.

Section 7111 makes the distinction for which we are contending. Section 7129 shows there is a difference between working a road and building a bridge or causeway, and the distinction is still kept in mind by sections 7137 and 7138. It is therefore, submitted that chapter 224 of the Laws of 1924 does not authorize the supervisors of Warren county to build or gravel this causeway of three and a quarter miles over the south end of Issaquena county.

II. *Proceeds of bond sale not available to build this causeway and gravel it.* Section 7130, Hemingway's Code, authorized the supervisors "to pay for the working and repairing of public roads, bridges, or causeways out of the general funds of the county," and the amendment made by chapter 224, Acts of 1924, provides, "that the cost of the work shall be paid out of the general funds of the county." That is the necessary construction of the amendment considering section 7130 before the amendment. We submit that this is another reason why the demurrer should have been overruled.

*A. A. Armistead, amicus curiae,* for appellant.

We must consider the power of the board of supervisors of Warren county to have a bond issue and apply the proceeds of that bond issue to the building and construction of a road of three and one-half miles traversing a low, swampy section of very little value in Issaquena county, and the fact that they have issued the bonds proposed to be sold and the proceeds thereof to be used for this purpose under chapter 207, Laws of 1920.

There certainly can be no authority found in chapter 207, Acts of 1920, for the purpose of raising money to build a road in Issaquena county, for this particular chapter has been construed by the supreme court of our state in *Shurlds* v. *Holmes County et al.,* 128 Miss. 813, 91 So. 563. Therefore, we must find some authority of law elsewhere for expending these funds in building a road in an adjoining county, or the chancellor erred in sustaining the demurrer to the bill. On the contrary, the prayer for an injunction should have been granted.

The bill alleges that the purpose of the board is to appropriate and expend a large portion of the proceeds of said bonds to construct and gravel a proposed and contemplated improved road and along said indicated route or road through said portion of Issaquena county, under chapter 224, Laws of 1924.

The court will observe on reading this chapter that it is a perfect copy of section 7130, Hemingway's Code, with an amendment following the words "general funds of the county." As this law requires the working and repairing of the contemplated road to be paid out of the *general funds* of the county, it necessarily precludes the idea that Warren county could have a bond issue and use the proceeds of the sale of the bonds for that purpose.

The law of *strictissimi juris* applies to the action of the board of supervisors in reference to bond issues; hence, it would seem that there was no further debate about the fact that this statute went no further than to *work and repair* a road; not to *build or construct* a road, but simply to work it.

*Pat Henry, Jr.,* and *W. I. McKay,* for appellees.

I. It is contended that the act authorizes the working of the road as it now is and does not authorize building, elevating, constructing and graveling it. The word *work* cannot be so limited and restricted in its meaning and application. This word, with reference to our roads, has acquired a well-known meaning and application and is as broad and comprehensive as any word in our language.

Sections 7093 and 7094, Hemingway's Code, contemplate the very thing that is proposed to be done in the instant case. Section 7111 also contemplates the kind of work proposed to be done; likewise, sections 7112, 7113, 7139, 7151, 7155 and 7158.

We submit, therefore, that the act fully authorizes the working of the road in the only modern, sensible, efficient way; and that is, universally, to elevate the road-bed and gravel it. ·

II. The contention that the cost of the proposed work can be paid for only out of the general funds of the county and not out of the proceeds of the bonds, is too supertechnical for argument. It obliterates all of our present road laws.

ETHRIDGE, J., delivered the opinion of the court.

Warren county constitutes a separate road district under chapter 207, Laws of 1920, and gave notice of its intention to issue bonds for the purpose of constructing an improved road from a point on the highway running along the Yazoo & Mississippi Valley Railroad, above the city of Vicksburg, extending in a general northwesterly direction, crossing the Yazoo river, and entering Issaquena county, and running west from said point to the county line between Warren and Issaquena counties for a distance of about three and one-fourth miles; and thence northwesterly through Warren county to a point on the Mississippi river. The proposition was submitted to a vote of the people, and the election resulted favorably to the bond issue. Whereupon, George Williamson, a citizen and property owner of Warren county, filed a bill in the chancery court seeking an injunction to prevent the issuance of the said bonds for said purpose, alleging that the board was without authority to construct any part of the road which passes through Issaquena county from the proceeds of such bond issue, and that if same was permitted, it would impose a burden upon complainant and his property not authorized by law. In the said bill, chapter 224 of the Laws of 1924, purporting to authorize the board of supervisors of any county to build a part of a highway in a contiguous county with the consent of the board of supervisors of such contiguous county, where the construction or the improvement of such road would benefit the county proposing to do such work, is challenged as being unconstitutional in two respects:

(1)  In that said act violates sections 71 and 61 of the state Constitution, in that its title did not indicate that it was an amendment to section 7130, Hemingway's Code, and, consequently, the title was insufficient; and because section 61 of the state Constitution requires an amendment to be set forth in full as it will read after amend-

ment and (2) that it is unconstitutional because it violates section 170 of the state Constitution, creating boards of supervisors, and giving them full jurisdiction over roads, ferries, and. bridges in the county for which said board was elected, and that it is not permissible for such board of supervisors to go beyond their county limits in the exercise of their jurisdiction, and that they were not authorized to expend the public funds of their county in the construction or repair of roads in a contiguous county, and that it was not permissible for the board of supervisors of such contiguous county to consent to the surrender of its full jurisdiction over the public highways of the county.

It was further contended that the bond issue was void because chapter 224, Laws of 1924, limited the board of supervisors to doing such work as was provided for therein out of the general funds of the county, and that it is not permissible for them to issue bonds for the purpose of such work, and that the general funds in the county treasury were insufficient to do the work contemplated, and it was not the purpose of the board of supervisors to improve such road through Issaquena county from such funds, but it was their purpose to use the funds from the bond issue for that purpose, and that it is expressly provided in chapter 207, Laws of 1920, and chapter 176, Laws of 1914, that the funds derived from the bond issue shall not be used for any other purpose than that for which the bonds were issued.

We find it unnecessary to pass upon the constitutionality of chapter 224, Laws of 1924, because by the terms of that act it is expressly provided that—

"Whenever the board of supervisors of any county finds that any public road, bridge or causeway, located in a contiguous county and leading therefrom and into that county, is not properly worked or is not kept in good repair by the county in which same is located, and finds that its own county would be benefited by the proper working and repairing of such public road, bridge or

causeway, then in such event the board of supervisors of the county which would be benefited is hereby authorized and empowered, in their discretion, to cause to be worked and repaired at the expense of its county any such public road, bridge or causeway, for a distance not exceeding two miles beyond the county line, provided, always the board of supervisors of the county in which the public road, bridge or causeway, is located shall consent thereto. The board of supervisors of any county is hereby authorized and empowered to make and enter into for and in the name of its county, all necessary contracts for the working and repairing of such public road, bridge or causeway as herein provided, and to pay for the same out of the general funds of the county, provided that in instances where two or more townships of a county are cut off from land communication with the county seat of said county by the interposition of the territory of a contiguous county, then the board of supervisors of said divided county may at their discretion work as much as three and a quarter miles of public road in said contiguous county with the consent of the board of supervisors of said contiguous county''—thus providing how the work shall be paid for.

The general rule is that where an act specifically provides for one method, or for one plan of payment, other plans, or methods, are excluded, under the doctrine that where a statute prescribes the method, or enumerates powers, the enumeration is all that was intended to be conferred, and that other powers, or methods, are excluded.

It was evidently the intention of the legislature to limit the board of supervisors in doing work beyond the county limits, under this statute, to doing such work as could be paid for out of the general funds in the county treasury, and it did not contemplate that bond issues and other methods of creating indebtedness could be resorted to for the purpose of carrying on the work of road building, bridge building, etc., in another county.

We appreciate fully the advantage to the people of Warren county from having a good highway connecting the county site with the northwest part of said county, so that citizens could have access to the courthouse by such means quickly and without undue inconvenience at all periods of the year. We fully understand the difficulty, owing to the bayous, lakes, and other streams shown in the map accompanying the record, of building a road entirely in the territory of Warren county, and the fact that it would cheapen the construction of the road to build the same along the route indicated on the map, but the court cannot change the law to meet even this urgent necessity, but must adhere to the law as it is written.

We think, therefore, that the injunction should have been granted, as prayed for, and the decree of the chancellor refusing to grant the injunction is reversed, and injunction will be granted here enjoining the issuance of the bonds for the purpose of constructing that part of the road lying in Issaquena county.

*Reversed and judgment here.*